IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] JOSE A. VEGA FIGUEROA,<br>aka "Pito Casco;"<br>    [COUNTS 1, 2, 3]<br>[2] CARLOS L. HERNANDEZ VEGA,<br>aka "Carlos Peca;"<br>    [COUNTS 1, 2, 3]<br>[3] LUIS A. HERNANDEZ VEGA,<br>aka "Luis Peca;"<br>    [COUNT 2]<br>[4] FELIPE ORTIZ DE JESUS,<br>aka "El Viejo Felipe;"<br>    [COUNTS 2, 3]<br>[5] RICARDO PADRO BURGOS,<br>aka "Ricky Padro;"<br>    [COUNTS 2, 3]<br>[6] JAVIER FRANKY ORTIZ,<br>aka "Javier Bemba;"<br>    [COUNTS 2, 3]<br>[7] WALTER MERCED NIEVES;<br>    [COUNTS 2, 3]<br>[8] EDGARDO QUIROS MORALES,<br>aka "Quirito;"<br>    [COUNT 2]<br>[9] ALFREDO PIZARRO FRANCO,<br>aka "Bachi";<br>    [COUNTS 2, 3]<br>[10] ALEJANDRO PIZARRO FRANCO,<br>aka "Alexis;"<br>    [COUNT 2]<br>[11] JUAN R. MERCED MORALES,<br>aka "Canito Cagabolsa;"<br>    [COUNT 2]<br>[12] CESAR COLON RIVERA;<br>aka "Topo,"<br>    [COUNT 2]<br>Defendants. | I N D I C T M E N T<br><br>Criminal No. 97-72 (SEC)<br><br>Violations: Title 21, USC,<br>Section 841(a)(1);<br>    [COUNT 2]<br>Title 21, USC, Section 846;<br>    [COUNT 2];<br>Title 21, USC, Section 848;<br>    [COUNT 1];<br>Title 18, USC, Section 2;<br>    [COUNTS 1, 3];<br>Title 18, USC,<br>Section 924(c)(1);<br>    [COUNT 3]<br><br>[THREE COUNTS] |



I N D I C T M E N T
United States v. Jose A. Vega-Figueroa, et al
Page 2

THE GRAND JURY CHARGES:

COUNT ONE

From on or about August 1, 1990, and continuing until on or about April 10, 1997, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

[1] JOSE A. VEGA FIGUEROA,
aka "Pito Casco;"

and

[2] CARLOS L. HERNANDEZ VEGA,
aka "Carlos Peca;"

the defendants herein, aiding and abetting each other, did, knowingly and intentionally, engage in a continuing criminal enterprise, as this term is defined in Section 848(c), Title 21, United States Code, in that

[1] JOSE A. VEGA FIGUEROA,
aka "Pito Casco;"

and

[2] CARLOS L. HERNANDEZ VEGA,
aka "Carlos Peca;"

did violate provisions of Title 21, United States Code, subchapter I as alleged in Count Two (2) of this indictment, which count is realleged and incorporated herein by reference as if fully set forth herein, which violations were part of a continuing series of violations of subchapter I, undertaken by

[1] JOSE A. VEGA FIGUEROA,
aka "Pito Casco;"

and

    [2] CARLOS L. HERNANDEZ VEGA,
        aka "Carlos Peca;"

in concert with at least five other persons with respect to whom the defendants,

    [1] JOSE A. VEGA FIGUEROA,
        aka "Pito Casco;"

and

    [2] CARLOS L. HERNANDEZ VEGA,
        aka "Carlos Peca;"

occupied a position as the principal administrators, organizers and leaders of the enterprise, and from which continuing series of violations, the defendants herein obtained substantial income and resources. All in violation of Title 21, United States Code, Section 848(a) and (b) and Title 18, United States Code, Section 2.

COUNT TWO

From on or about August 1, 1990, and continuing until on or about April 10, 1997, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

    [1] JOSE A. VEGA FIGUEROA,
        aka "Pito Casco;"

    [2] CARLOS L. HERNANDEZ VEGA,
        aka "Carlos Peca;"

    [3] LUIS A. HERNANDEZ VEGA,
        aka "Luis Peca;"

    [4] FELIPE ORTIZ DE JESUS,
        aka "El Viejo Felipe;"

I N D I C T M E N T
United States v. Jose A. Vega-Figueroa, et al
Page 4

      [5] RICARDO PADRO BURGOS,
         aka "Ricky Padro;"

      [6] JAVIER FRANKY ORTIZ,
         aka "Javier Bemba;"

      [7] WALTER MERCED NIEVES;

      [8] EDGARDO QUIROS MORALES,
         aka "Quirito;"

      [9] ALFREDO PIZARRO FRANCO,
         aka "Bachi;"

      [10] ALEJANDRO PIZARRO FRANCO,
         aka "Alexis;"

      [11] JUAN R. MERCED MORALES,
     aka "Canito Cagabolsa;" and

      [12] CESAR COLON RIVERA;
         aka "Topo;"

the defendants herein, did, knowingly and intentionally, combine, conspire, and agree with each other and with divers other persons to the grand jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally distribute multi-kilogram quantities of controlled substances, that is to say, in excess of five (5) kilograms of Heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of Cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of five (5) kilograms of Cocaine Base, a Schedule II Narcotic Drug Controlled Substance, and in excess of one hundred (100) kilograms of marihuana, a Schedule I Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1).

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 5

### OBJECT OF THE CONSPIRACY

The object of the conspiracy was to distribute heroin, cocaine, cocaine base (crack cocaine), and marihuana, at different drug points for significant financial gain or profit.

### MANNER AND MEANS USED TO ACCOMPLISH THE CONSPIRACY

The manner and means by which the defendants and co-conspirators would further and accomplish the objects of the conspiracy included the following:

1. It was part of the conspiracy that the defendants and their co-conspirators would purchase multi-kilogram quantities of heroin, cocaine and marihuana at wholesale prices.

2. It was a further part of the conspiracy that the defendants and co-conspirators would cut, divide and package such multi-kilogram quantities of heroin, cocaine and marihuana in small packages for subsequent sale at drug points.

3. It was a further part of the conspiracy that the defendants and co-conspirators would cook part of the cocaine purchased and create cocaine base (crack cocaine), which was also packaged in small packages for subsequent sale at drug points.

4. It was a further part of the conspiracy that the defendants and their co-conspirators would use residences and other locations in order to store and package the heroin, cocaine and marihuana.

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 6

5.  It was a further part of the conspiracy that the defendants and co-conspirators would sell packaged quantities of heroin, cocaine, cocaine base (crack cocaine) and marihuana in small quantities to customers at drug points.

6.  It was a further part of the conspiracy that the defendants and their co-conspirators would have different roles and would perform different tasks in furtherance of the conspiracy.

### ROLES OF THE MEMBERS OF THE CONSPIRACY

I.  Leaders

1.  **JOSE A. VEGA FIGUEROA**, aka "Pito Casco" was one of the leaders and organizers of the drug-trafficking organization described in Counts One and Two. He did lead, organize, control, enforce through the use of violence, and supervise the sales of controlled substances at drug points located at the "Ramos Antonini" Public Housing Project, Rio Piedras, Puerto Rico and at the "Hogar Crea La Quinta, Proyecto CDI," Saint Just, Trujillo Alto, Puerto Rico.  He did direct and supervise numerous subordinates whose principal tasks were:  (a) to supply sellers with the drugs to be sold and collect the proceeds derived from their sale at drug points;  (b) to package drugs for subsequent sale at drug points; (c) to provide protection to both himself and the illegal narcotics being sold at drug points; and (d) to sell narcotics at drug points.  He would also participate in the packaging of the narcotics for distribution at drug points,

I N D I C T M E N T
United States v. Jose A. Vega-Figueroa, et al
Page 7

personally deliver packaged narcotics to his runners and sellers, and, at times, collect proceeds derived from drug sales.

    2.    **CARLOS L. HERNANDEZ VEGA** aka "Carlos Peca" was one of the leaders and organizers of the drug-trafficking organization described in Counts One and Two. He did lead, organize, control, enforce through the use of violence, and supervise the sales of controlled substances at drug points located at the "Ramos Antonini" Public Housing Project, Rio Piedras, Puerto Rico and at the "Hogar Crea La Quinta, Proyecto CDI," Saint Just, Trujillo Alto, Puerto Rico. He did direct and supervise numerous subordinates whose principal tasks were: (a) to supply sellers with the drugs to be sold and collect the proceeds derived from their sale at drug points; (b) to package drugs for subsequent sale at drug points; (c) to provide protection to both himself and the illegal narcotics being sold at drug points; and (d) to sell narcotics at drug points. He would also participate in the packaging of the narcotics for distribution at drug points, personally deliver packaged narcotics to his runners and sellers, and, at times, collect proceeds derived from drug sales.

    b.    <u>Runners</u>

    1.    **LUIS ANGEL HERNANDEZ-VEGA** aka "Luis Peca" was one of the runners of the drug-trafficking organization described in Counts One and Two. He would receive packaged narcotics from **JOSE A. VEGA-FIGUEROA aka "Pito Casco"** and/or **CARLOS L. HERNANDEZ-VEGA** aka

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 8

"Carlos Peca" and deliver them to the sellers for sale at the drug points and would collect the proceeds derived from sales already completed by the sellers. He was responsible for the status of the inventory of illegal narcotics sold at the drug points and for supervising the operations at a given drug point.

The remaining "runners" and various drug points operated by **JOSE A. VEGA-FIGUEROA aka "Pito Casco"** and/or **CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca"** are to the grand jury unknown.

c.  Triggermen

1.  **FELIPE ORTIZ-DE JESUS aka "El Viejo Felipe"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

2.  **RICARDO PADRO-BURGOS aka "Ricky Padro"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 9

trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

3.  **JAVIER FRANCO-ORTIZ aka "Javier Bemba"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

4.  **WALTER MERCED-NIEVES** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

5.  **EDGARDO QUIROS-MORALES aka "Quirito"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as

defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

6. ALFREDO PIZARRO-FRANCO aka "Bachi" was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

7. ALEJANDRO PIZARRO-FRANCO aka "Alexis" was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 11


The remaining "triggermen" supervised and controlled by **JOSE A. VEGA-FIGUEROA aka "Pito Casco"** and/or **CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca"** are to the grand jury unknown.

d.  Drug Sellers

1.  **RICARDO PADRO-BURGOS aka "Ricky Padro"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin at the "Hogar Crea" drug point.

2.  **WALTER MERCED NIEVES** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Ramos Antonini" drug point.

3.  **EDGARDO QUIROS MORALES aka "Quirito"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Ramos Antonini" drug point.

4.  **ALFREDO PIZARRO-FRANCO aka "Bachi"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Ramos Antonini" drug point.

5.  **JUAN R. MERCED MORALES aka "Canito Cagabolsa"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Ramos Antonini" drug point.

I N D I C T M E N T
United States v. Jose A. Vega-Figueroa, et al
Page 12

7. **CESAR COLON RIVERA aka "Topo"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell heroin, cocaine, cocaine base (crack cocaine) and marihuana at the "Ramos Antonini" drug point.

The remaining "drug sellers" supervised and controlled by **JOSE A. VEGA-FIGUEROA aka "Pito Casco"** and/or **CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca"** are to the grand jury unknown.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of this conspiracy and to effect and accomplish the objects of the same, one or more of the conspirators committed, among others, the following overt acts:

1. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, did possess with intent to distribute and did distribute controlled substances, to wit: heroin, cocaine, cocaine base (crack cocaine) and marihuana which was sold to customers in one or more drug points for substantial financial gain or profit.

2. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, possessed, brandished and used firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection for the drug operations of the conspiracy from rival drug-trafficking organizations and to

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 13

engage in shootings against members of rival drug-trafficking organizations.

3. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, did carjack numerous vehicles which were then used to commit shootings of rival drug-trafficking organizations operating in other public housing projects.

4. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, stored and hid from view controlled substances, to wit: heroin, cocaine, cocaine base, and marihuana, and/or proceeds from the sales thereof, and/or firearms as that term is defined in Title 18, United States Code, Section 921(a)(3), in order to facilitate the successful screening of these items from those outside of the conspiracy. The concealment of these items therefore, prevented their discovery and simultaneously provided easy access to the controlled substances and the weapons.

5. On or about May 16, 1994, co-defendants and co-conspirators **JOSE A. VEGA-FIGUEROA aka "Pito Casco" and CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca,"** for the purpose of maintaining absolute control of the drug operation described above and preventing the establishment of a competing drug point for the distribution of heroin, at the "Hogar Crea La Quinta," Saint Just,

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 14

Trujillo Alto, Puerto Rico, did order the murder of Reynaldo Colon-Gonzalez aka "Rey," Melvin Flores-Montalvo, Angel Ramos Rivera aka "Yauco," Ramon Santiago Casiano aka "Degollao," Pedro Santiago Vega, and Wilfredo Cruz aka "Galopa."

6. On or about May 16, 1994, at the Hogar Crea La Quinta, Saint Just, Trujillo Alto, Puerto Rico, co-defendants and co-conspirators, **JOSE A. VEGA-FIGUEROA aka "Pito Casco" and CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca," FELIPE ORTIZ DE JESUS aka "El Viejo Felipe," RICARDO PADRO-BURGOS aka "Ricky Padro," JAVIER FRANKY ORTIZ aka "Javier Bemba," WALTER MERCED NIEVES, ALFREDO PIZARRO FRANCO aka "Bachi,"** and William Acevedo Rodríguez, not charged in this indictment, aiding and abetting each other, did undertake the murder of Reynaldo Colon Gonzalez aka "Rey."

7. On or about May 16, 1994, at the Hogar Crea La Quinta, Saint Just, Trujillo Alto, Puerto Rico, co-defendants and co-conspirators, **JOSE A. VEGA-FIGUEROA aka "Pito Casco" and CARLOS L. HERNANDEZ-VEGA aka "Carlos Peca," FELIPE ORTIZ DE JESUS aka "El Viejo Felipe," RICARDO PADRO-BURGOS aka "Ricky Padro," JAVIER FRANKY ORTIZ aka "Javier Bemba," WALTER MERCED NIEVES, ALFREDO PIZARRO FRANCO aka "Bachi,"** and William Acevedo Rodríguez, not charged in this indictment, aiding and abetting each other, did undertake the murder of Melvin Flores Montalvo.

INDICTMENT
United States v. Jose A. Vega-Figueroa, et al
Page 15

8. The grand jury hereby incorporates by reference, Counts One and Three of this indictment and designates them as further overt acts of this conspiracy.

All in violation of Title 21, United States Code, Section 846.

COUNT THREE

On or about May 16, 1994, in the District of Puerto Rico and within the jurisdiction of this Court,

> [1] JOSE A. VEGA-FIGUEROA
>     aka "Pito Casco;"
>
> [2] CARLOS L. HERNANDEZ-VEGA
>     aka "Carlos Peca;"
>
> [4] FELIPE ORTIZ DE JESUS
>     aka "El Viejo Felipe;"
>
> [5] RICARDO PADRO-BURGOS
>     aka "Ricky Padro;"
>
> [6] JAVIER FRANKY ORTIZ
>     aka "Javier Bemba;"
>
> [7] WALTER MERCED NIEVES; and
>
> [9] ALFREDO PIZARRO FRANCO
>     aka "Bachi;"

the defendants herein, William Acevedo Rodriguez, not charged in this indictment, and others to the grand jury unknown, did, aiding and abetting each other, knowingly, intentionally and wilfully, use and carry firearms, as that term is defined in Title 18, United States Code, Section 921(a)(3), to wit: an AK-47 rifle, an .9 mm caliber pistol, a .357 Magnum revolver, a .38 caliber revolver, and a .45 caliber pistol, during and in relation to a drug trafficking

I N D I C T M E N T
United States v. Jose A. Vega-Figueroa, et al
Page 16

crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, namely heroin, a Schedule I Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Section 846, all in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

TRUE BILL

*[signature]*
FOREPERSON

GUILLERMO GIL
United States Attorney

Jorge E. Vega-Pacheco,
Assistant U.S. Attorney
Chief, Criminal Division

Dated: April 10, 1997

*[signature]*
Jacabed Rodriguez-Coss
Assistant U.S. Attorney