UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2008 JAN 25 PM 2:10

| | |
|---|---|
| JUAN R. MERCED-MORALES ) | |
| Petitioner ) | |
| ) | |
| v. ) | CASE No. 3:97CR0072-011(SEC) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Respondant ) | |

PETITION FOR REDUCTION OF SENTENCE PURSUANT
TO TITLE 18 U.S.C. SECTION §3582(c)(2) OF
THE NEWLY AMENDMENT (9) ENACTED BY THE U.S.
SENTENCE COMMISSION ON NOVEMBER 01, 2007
REGARDING CRACK COCAINE 100-1 DISPARATY AND
MADE EXPRESSLY RETROACTIVE ON DECEMBER 11, 207.

Comes now, the Petitioner JUAN R. MERCED-MORALES (hereafter Petitioner) acting pro-se in the above entitled criminal case, and unskilled in the area of law with this his motion appropriately entitled: "Petition for Reduction of Sentence pursuant to Title 18 U.S.C. section § 3582(c) of the November 01,2007 Amendment (9) Enacted by the U.S. Sentence Commission regarding crack cocaine 100-1 Disparaty and made expresssly retroactive on December 11,2007".

In support of the same Petitioner will show unto this Honorable Court the following facts to-wit as well as newly established case law from the U.S. Supreme Court regarding the same.

1

## STANDARD OF REVIEW

The decision to reduce a sentence pursuant to Title 18 U.S.C. §3582 (c)(2) is within the sound discretion of the district court. United States v. Whitebird, 55 F. 3d 1007, 1009 (5th Cir. 1995) (citing United States v. Shaw, 30 F. 3d 26, 28 (5th Cir. 1994).

Title 18 U.S.C. § 3582 (c) provides that unless certain limited circumstances exist, a court may not modify a term of imprisonment once imposed. Specifically, a **sentencing court** may reduce a term of imprisonment "based on a **sentencing** range that has subsequently been lowered by the **U.S. Sentencing Commission...**, if such a reduction is consistent with applicable policy statements issued by the **Sentencing Commission**, Title 18 U.S.C. § 3582 (c)(2). The applicable policy statement is U.S.S.G. § 1B1.10 entitled "Retroactivity of AmendmentGuideline Range (Policy Statement) Which provides:

> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an **amendment** to the Guidelines Manual listed in subsection (c) below, a reduction in defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> U.S.S.G. §1B1.10 makes it clear that "eligibility for consideration under 18 U.S.C. §3582 (c)(2) is triggered only by an **amendment** listed in subsection (c) of U.S.S.G. § 1B1.10 [that lowers the applicable guideline range. **id..** application note 1. Accordingly, construing this interplay between §3582(c)(2) and U.S.S.G. § 1B1.10 the Fifth Circuit has held that "Section 3582(c)(2) **applies** only to **amendments** to the Guidelines that operate **retroactively,** as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d). " Whitebird, 55 F.3d at 1009,(citing United States v. Miller 903 F. 3d 341,349 (5th Cir. 1990). Thus, if and **amendment** is not specifically listed in U.S.S.G. §1B1.10(c), a reduction of sentence under § 3582 (c)(2) is not consistent with the **Sentencing Commission's** policy statement. See, United States v. Gonzales-Balderas, 105 F.3d 981,982 (5th Cir.1997) United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

## STATEMENT OF FACTS

Petitioner was named in a three (3) count indictment within the jurisdiction of the District of Puerto Rico by a grand jury and was charged in count two of the indictment for Knowingly and Intentionaly conspire to distribute in excess of five(5) kilograms of heroin, a Schedule I narcotic drug controlled substance, in excess of five (5) kilograms of cocaine base, also known as "crack", a schedule II narcotic drug controlled substance, and in excess of one hundred kilograms of marihuana, a schedule I controlled substance, in violation of Title 21 U.S.C. Section § 841 (a)(1). The Petitioner pleaded not guilty to the charge in the indictment and proceeded to trial. After trial Petitioner was found guilty on count two (2) of the indictment. The Probation officer submitted its Presentence Report and recommended that Petitioner be enhance by two (2) levels for a weapon under U.S.S.G. § 2D1.1 (b)(1). At sentencing the Court adopted the (P.S.R.) and sentenced Petitioner under the offense level of 40 criminal history category one (1) for a guideline range of 292 to 365 months, whereas Petitoner received the low end of 292 months.

## COCAINE BASE AMENDMENT

On May 1,2007 pursuant to 28 U.S.C. § 994 (a) and (p), the United States commission ("the Commission") submitted to congress amendments to the Federal Sentencing Guidelines that, absent Congressional action to the contrary, would and did become effective on November 01,2007. Amendment 9, which pertains to offenses involving cocaine base ("crack") has the effect for lowering the guideline sentencing range for certain categories of offenses and offenders.

The crack cocaine amendments adjusts downward by two(2) levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including the possession with intent to committ these offenses); Attempt or Conspiracy. The amendments assigns, for crack cocaine offenses, base offense levels corresponding ot guideline tanges that includes

3

the statutory mandatory minimum penalties for cocaine base.

Accordingly, pursuant to the amendment, five grams of cocaine base are assigned a base offense level of 24 ( 51 to 63 months at criminal History category I.

## STATUTORY AUTHORITY

The Commission is statutorily authorized to determine whether a guideline amendment that reduces the sentencing range may be retroactively applied. Section 994(u) of Title 28 U.S.C., provides that: "if the Commission reduces the term of imprisonment that is recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced. Furthermore, the sentencing courts are statutorily precluded from applying a guidelineamendment retroactively **unless** the Commission has designated such amendment for retroactive application.

## THE U.S. SENTENCING COMMISSION EXPRESSLY ENACTED AMENDMENT 9 TO BECOME RETROACTIVE EFFECTIVE MARCH 03,2008

Petitioner Hereby respectfully submits that on or about December 11, 2007, the U.S. Sentencing Commission through a special public hearing on the retroactivity of amendment 9 was held regarding the 100:1 crack cocaine ratio as compared to that of powder cocaine, the U.S. Sentencing Commission overwhelmingly voted and enacted the passage of Amendment 9 to be applied retroactively effective Maech 03,2008 with the following criteria:

(A) Crack cocaine was involved in the offense;

4

(B). The base offense level was grater than level 12;

(C). The base offense level was not level 43.

Crack cocaine offenders with a base offense level of (12) are <u>excluded</u> from eligibility because under the Drug Quantity Table in U.S.S.G. § 2D1.1 crack cocaine offendes cannot receive a lower base offense level and so are unaffected by the amendment. Offenders sentenced under U.S.S.G. §2d1.1(a)(1) with a base offense level of 43 (1) were convicted under 21 U.S.C. §841(b)(1)(A), (b)(1)(B), or (b)(1)(C), or 21 U.S.C. §960(b)(1), (b)(2), or (b)(3); and (2) the offense of conviction establishes that death or serious bodily injury resulted from use of the substance and that the defendant committed teh offense after one or more prior convictions for a similar offense. Offenders classified as career offenders or armed career offenders (criminals) under U.S.S.G. § 4B1.1 and §4B1.4 of the guideline provisions or the applicable Chapter two (2) and Chapter three(3) of the guidelines, whichever is higher. Offenders original final offense level was controlled by the career offender or armed career criminal sections of the guidelines, therefore are excluded because the crack cocaine amendment to the drug guideline will not affect their sentencing range.

## APPLICATION OF AMENDMENT 9 TO PETITIONER

Petitioner hereby submits for this Honorable Court's consideration that Petitioner does not fall within any of the restrictions set-out by the U.S. Sentence Commission on the retroactivity of the Amendment 9 and is therefore elegible for reduction of his sentence within the sound descretion of this Honorable Court, as stated and in full accordance with Title 18 U.S.C. § 3582(c)(2) aforementioned.

In contrast Circuit Courts that have addressed this issue in **Booker**, have uniformly ruled that **Booker** does not provide a basis

5

for a sentence reduction under § 3582(c)(2). See, U.S. v. Price, 438 F. 3d 1005, U.S. v. Moreno, 421 F. 3d 1217, 1220 (11th Cir. 2005) (Booker is a Supreme Court decision, not a retoactively applicable guidelime amendment , as in the instant case, by the **Sentencing Commission**). **Title 18 U.S.C. § 3582 (c)(2)** authorizes an inmate to file a motion to reduce a sentence **based** on a subsequent amendment to the guidelines, (as Petitioner's motion), not based on a new case law. U.S. v. Privette, 129 Fed. Appx. 897, 899 (5th Cir. 2005).

Petitioner further submits that under the law, this Honorable Court is not required to hold a hearing even if the District Court grants a § 3582(c)(2) motion, but should the district court want to it is well within it sound discretion. This Honorable Court can also decide to hold a hearing to consider factors not included in the guidelines and to sentece Petitioner to an even lower sentence than the bottom of the new guideline range suggested.

### FEDERAL JUDGES ARE NO LONGER BOUND BY 100:1 CRACK/POWDER SENTENCING RATIO

The U.S. Supreme Court issued opinions in a pair of cases on December 10, 2007, just one day before the U.S. Sentence Commission voted and enacted Amendment 9 to apply retroactively effective March 03, 2008 "that indicate that its decision in United States v. Booker, 543 U.S. 220, 76 CrL 251 (2005), countenances a grater degree of disparaty in federal sentences than most circuit courts had believed.

In one case, **Kimbrough v. United States,** the court held that a district court is **free** to **disagree** with the U.S. Sentencing Guidelines controversial 100:1 crack to powder ration and to **impose a below the guideline sentence on that basis.** In the second case, **Gall v. United States,** the court decided that certain fules crated by the courts of

6

appeals for reviewing sentences outside the ranges recommended by the advisory guideline. (Kimbrough v. UYnited States, U.S. , No. 06-6330, 12/10/07, and Gall v. United States, U.S., No. 06-7949, 12/10/07.

**Crack /Powder Sentencing Ratio:** For exemple, most of the Federal court's new found discretion to deviate from the sentences recommended by the Guidelines did not authorize them to impose non-guidelines sentences solely on the basis of their disagreement with the policy behind the guidelines 100:1 cocaine sentencing differential. E.g., United States v. Eura, 449 F. 3d 625, 78 CrL 630, (4th Cir. 2006).

In an opinion by Justice; Ruth Bader Ginsburg, the court held that a below-guideline sentence based on a district court judge's disagreement with the policies behind the 100:1 ratio is not per se "unreasonable." [I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparaty yields a sentence "grater than necessary" to achive §3582(a)'s purposes, even in amine-run case, the court said.

The ratio, like the rest of the guidelines, was rendered advisory by the decision in Booker, the court concluded.

Notwithstanding the history of Congress's involvement in the cocaine sentencing Guidelines, these statutory provisions are sufficient to confer authority upon district judges to diviate from the 100:1 ratio, the Supreme Court decided.

## PRAYER

Therefore Petitioner prays that this Honorable Court grant him the two point reduction, in addition to any other reductions that this Honorable Court may consider and then imposed as held in Kimborough v. United States, and Gall v. United States., respectively in applicable with Title 18 U.S.C. § 3582 (c)(2) as this

Honorable Coourt may deemed relief is justified in relations to the 100:1 ratio of the crack/powder differential.

Respectfully Submitted

JUAN R. MERCED-MORALES
Reg. No. 14729-069
F.C.C. Yazoo City (medium)
P.O. Box 5888
YAZOO CITY, MS 39194-5888

CERTIFICATE OF SERVICE

I JUAN R. MERCED-MORALES do hereby ceclare under the penalty of perjury that I caused to be served a correct copy of the PETITION FOR REDUCTION OF SENTENCE upon the United States, by utilizing first class, postage pre-paid this 22 day of this year 2008 to:

ASSISTANT UNITED STATES ATTORNEY
FOR THE DISTRICT OF PUERTO RICO
Jacabed Rodriguez
Federal Office Bldg. Room 452
Carlos Chardon Ave.
Hato Rey, Puerto Rico 00918

Respectfully

JUAN R. MERCED-MORALES
Reg. No. 14729-069
F.C.C. Yazoo City (medium)
P.O. Box 5888
YAZOO CITY, MS 39194-5888